IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| LIGE CHAPPELL, III, | : | |
| | : | |
| Petitioner, | : | |
| | : | **1: 13-CV-90156 (WLS)** |
| VS. | : | 28 U.S.C. § 2255 |
| | : | **1: 09-CR-23 (WLS)** |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Respondent. | : | |
| | : | |

**RECOMMENDATION**

Petitioner's Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255, initially brought on January 9, 2013 and supplemented on April 1, 2013, is before this Court for the issuance of a recommendation of disposition pursuant to Rule 8 of the Rules Governing Section 2255 Proceedings for the United States District Courts.  (Doc. 198).

**Background**

Petitioner was indicted in the Middle District of Georgia on September 16, 2009.  (Doc. 1). The indictment charged Petitioner with two counts of possession with intent to distribute cocaine, one count of possession with intent to distribute marijuana, and one count of possession of a firearm in furtherance of a drug crime.  During the relevant time period, Petitioner was represented by D. Nicole Williams of the Federal Defender's Office.  On January 12, 2011, a jury found Petitioner guilty as to Counts 1, 2 and 4 of the Indictment, and found Petitioner guilty of the lesser-included offense of simple possession of marijuana as to Count 3.  (Doc. 137).  On May 26, 2011, Petitioner was sentenced to 93 months imprisonment, followed by 5 years of supervised release.  (Doc. 151).  Petitioner appealed his conviction and sentence to the United

States Court of Appeals for the Eleventh Circuit, which affirmed the conviction. (Doc. 190).

**Discussion**

Section 2255 provides that:

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255. If a prisoner's § 2255 claim is found to be valid, the court "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." *Id.*

While it is unclear, it appears that Petitioner alleges that trial counsel was ineffective for failing to pursue an additional sentence reduction after Petitioner's sentence was reduced pursuant to the Fair Sentencing Act of 2010. (Doc. 198). Specifically, Petitioner maintains that his 60 month consecutive sentence for possession of a firearm during the commission of a drug crime "is voidable" because, under the Fair Sentencing Act, Petitioner's drug weight did not qualify as a trafficking offense.

To prevail on a claim of ineffective assistance of counsel, a movant bears the burden of establishing by a preponderance of the evidence that (1) his attorney's performance was deficient and that (2) he was prejudiced by the inadequate performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Chandler v. United States*, 218 F.3d 1305, 1312 (11th Cir. 2000).

To establish deficient performance, a defendant must prove that his counsel's performance

was unreasonable under prevailing professional norms and that the challenged action was not sound strategy. *Chandler*, 218 F.3d at 1313. There is a strong presumption in place that the challenged action constituted sound trial strategy. *Chateloin v. Singletary*, 89 F.3d 749, 752 (11th Cir. 1996). As such, a court must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). In order to show that counsel's performance was unreasonable, a petitioner must show that no competent counsel would have taken the action in question. *Hall v. Thomas*, 611 F.3d 1259, 1290 (11th Cir. 2010).

To satisfy the prejudice prong, a petitioner must show that there is a reasonable probability that, but for counsel's inadequate representation, the proceedings would have produced a different result. *Weeks v. Moore*, 216 F.3d 951, 960 (11th Cir. 2000); *Mills v. Singletary*, 63 F.3d 999, 1020 (11th Cir. 1995). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

If a defendant fails to establish that he suffered prejudice as a consequence of the alleged ineffective assistance, a court need not address the performance prong of the *Strickland* test. *Holiday v. Halley*, 209 F.3d 1243 (11th Cir. 2000). The *Strickland* court stated that "[a] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed." *Strickland*, 466 U.S. at 697.

Petitioner was indicted and convicted of possession of a firearm during a drug trafficking crime pursuant to 18 U.S.C. § 924(c)(1)(A). "For purposes of this subsection, the term 'drug

trafficking crime' means any felony punishable under the Controlled Substances Act (21 U.S.C. 801 et seq.)[.]"  18 U.S.C. § 924(c)(2).  Petitioner was convicted of possession with intent to distribute 5 grams or more of cocaine base, and possession with intent to distribute cocaine under 18 U.S.C. § 841.  (Doc. 153).  These two convictions constitute "drug trafficking crimes" as defined by 18 U.S.C. § 924(c)(2).  As such, Petitioner's claim that his sentence for possession of a firearm during the commission of a drug crime "is voidable" because the drug weight did not qualify as a trafficking offense is without merit.

As Petitioner's claim is without merit, Petitioner cannot establish that his counsel provided objectively unreasonable representation by failing to seek an additional reduction in Petitioner's sentence.  Petitioner also cannot show that any prejudice resulted from his counsel's failure to seek an additional sentence reduction because, if counsel had moved for the gun charges to be dropped based on the weight of the drugs, the motion would have been denied and Petitioner's sentence would have remained the same.  *See Harden v. U.S.*, 2011 WL 3878315, *9 (S.D. Ga., July 29, 2011).

As Petitioner has failed to allege a claim that would entitle him to relief, he is not entitled to an evidentiary hearing.  *Saunders v. U.S.*, 278 Fed.Appx. 976, 979 (11th Cir. 2008).

## Conclusion

Petitioner has failed to show that his attorney's performance was deficient, or that Petitioner was prejudiced by his attorney's performance.  Thus, it is the recommendation of the undersigned that Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence be **DENIED**.  Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to the recommendations contained herein with the Honorable W. Louis Sands, United

States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Therefore, it is recommended that the Court deny a certificate of appealability in its Final Order. If the Petitioner files an objection to this Recommendation, he may include therein any arguments he wishes to make regarding a certificate of appealability.

**SO RECOMMENDED**, this 8th day of August, 2013.

s/ ***THOMAS Q. LANGSTAFF***
UNITED STATES MAGISTRATE JUDGE